# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TINA RAYE HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:25-cv-03152-MDH |
| | ) | |
| FRANK BISIGNANO, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Tina Raye Harvey's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of her application for supplemental security income under Title XVI of the Social Security Act. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's ("ALJ") decision is affirmed.

## BACKGROUND

Plaintiff filed her application for supplemental security income on June 17, 2021. (Tr. 36). The Plaintiff was born on October 30, 1971 and originally alleged disability since August 15, 2016, but amended her alleged onset date to October 29, 2021. (Tr. 19). The ALJ found that Plaintiff had the following severe impairments: obesity; chronic obstructive pulmonary disease; obstructive sleep apnea; degeneration of the left hand; mild right ulnar and median neuropathy; trigger finger of right hand; ventral hernia, s/p repair; degeneration of the cervical spine; depression; bipolar disorder; generalized anxiety disorder; and posttraumatic stress disorder. (Tr. 21). The ALJ additionally found that Plaintiff did not have an impairment or combination of impairments listed

in or medically equivalent to one contained in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr.22). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 416.967(b). She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk 6 hours in an 8-hour workday. She can sit 6 hours in an 8-hour workday. She can push/pull those same weights. She can perform no climbing of ladders, ropes, and scaffolding; occasional climbing of ramps and stairs; frequent balancing but occasional stooping, kneeling, crouching, and crawling. She can perform frequent reaching, handling, and fingering with the bilateral upper extremities. She must avoid even moderate exposure to temperature extremes, humidity and wetness, pulmonary irritants such as chemicals, fumes, dust and gases, and concentrated exposure to vibrations and hazards such as unprotected heights and dangerous moving machinery. She can understand, remember, and carry out simple instructions. She can perform tasks that do not involve a specific production rate pace, such as assembly line work or an hourly production quota that require no interaction with the general public and occasional interaction with coworkers and supervisors.

(Tr. 25). The ALJ found that Plaintiff had no past relevant work. (Tr. 35). Relying on the Vocational Expert testimony, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that the Plaintiff can perform, considering Plaintiff's age, education, work experience, and RFC. (Tr. 35). Consequently, the ALJ found the Plaintiff is not disabled. (Tr. 36).

**STANDARD**

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), *citing Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id., citing Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir.2004); *Travis v. Astrue*, 477

F.3d 1037, 1040 (8th Cir. 2007).  If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome.  *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).  In other words, the Court cannot reverse simply because it would have decided the case differently.  *Id., citing Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence.  *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006)*.*

**DISCUSSION**

The Plaintiff raises one point on appeal, whether the ALJ properly considered Plaintiff's alleged limitations. The Plaintiff argues that the ALJ rejected her testimony regarding greater functional limitations but provided an analysis that relied on objective medical evidence alone and did not consider other required evidentiary facts. The Plaintiff argues that, for practical purposes, the ALJ's decision followed a strict objective medical evidence standard that is not permitted by 20 C.F.R. § 416.929(c), Social Security Ruling ("SSR") 16-3p, or caselaw.

The Defendant argues that the ALJ's decision touched on a number of factors that supported the evaluation of Plaintiff's subjective complaints, including objective findings, her treatment history and response to treatment, her non-compliance with her physician's recommendations, and inconsistencies between her subjective reports and other statements in the record. The Defendant further argues that the ALJ was not required to specifically discuss every possible factor and that the ALJ's discussion was supported by the record as a whole.

SSR 16-3p is a policy interpretation ruling on Titles II and XVI: Evaluation of Symptoms in Disability claims and states in relevant part:

3

> If [the Social Security Administration] cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence, then we carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms. Other evidence that we will consider includes statements from the individual, medical sources, and any other sources that might have information about the individual's symptoms, including agency personnel, as well as the other facts set forth in our regulations.

*Soc. Sec. ruling 16-3p Titles II & Xvi: Evaluation of Symptoms in Disability Claims*, SSR 16-3P

(S.S.A. Oct. 25, 2017). 20 C.F.R. § 416.929 is a federal regulation governing how the Social

Security Administration evaluates symptoms, including pain. It states in relevant part:

> Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, we will carefully consider any other information you may submit about your symptoms. The information that your medical sources or nonmedical sources provide about your pain or other symptoms […] is also an important indicator of the intensity and persistence of your symptoms. Because symptoms, such as pain, are subjective and difficult to quantify, *any symptom-related functional limitations and restrictions that your medical sources or nonmedical sources report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in paragraph (c)(4) of this section in reaching a conclusion as to whether you are disabled.*

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and *we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled.* We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities (or, if you are a child, your functioning) to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

20 C.F.R. § 416.929(c)(3)-(4).

The ALJ properly considered Plaintiff's alleged limitations. The record shows the ALJ

considered Plaintiff's testimony, as well as her brother, Leslie Nelson, Jr.'s testimony. (Tr. 26).

The ALJ also considered the medical opinions and prior administrative medical findings from Harry Cole, M.D. (Tr. 32); Judee Bland, M.D (Tr. 32); Steven Akeson, Psy. D. (Tr. 32-33); Chan N. Reyes, M.D. (Tr. 33); Jonahtan Bingham, D.O. (Tr. 33); Robert D. Forsyth, Ph.D. (Tr. 33-34); and Tiffany Bracamonte, FNP-C (Tr. 34) The record shows that the ALJ made factual determinations regarding the above evidence, articulated what portions were given weight and how it aligned to other evidence in the record. (Tr. 27-31). The ALJ properly considered the Plaintiff's testimony, her brother's testimony, the objective medical evidence, the reports of various medical and psychological professionals, and evidence from the hearings. Based upon the record, the Court finds that the ALJ properly considered Plaintiff's alleged limitations and that there is substantial evidence in the record to support the ALJ's RFC. For the reasons stated, the ALJ's RFC is affirmed.

### CONCLUSION

For the reasons set forth herein, the ALJ's final determination is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: May 26, 2026

 */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

5